UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C. | : | Case No. 18-74545 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

| | | |
|---|---|---|
| | : | |
| ORION HEALTHCORP, INC., *et al*. | : | Adv. Pro. No. 18-08104 (AST) |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK, P.C., A. MITCHELL GREENE, and ADAM GREENE, | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------------x

## **ORDER REFERRING MATTER TO MEDIATION**

The parties have agreed and the Court has determined to refer to mediation the above-captioned adversary proceeding (the "Adversary Proceeding") between Plaintiffs Orion HealthCorp, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), and Defendants Robinson Brog Leinwand Greene Genovese & Gluck, P.C., A. Mitchell Greene, and Adam Greene (collectively, "Robinson Brog"). The Debtors and Robinson Brog are collectively referred to herein as the "Mediation Parties." The purpose of the mediation is to attempt to resolve the disputes by and between the Mediation Parties relative or related to the Adversary Proceeding or the transactions described in the Complaint filed in the Adversary Proceeding. It is, therefore,

**ORDERED**, that pursuant to E.D.N.Y. LBR 9019-1, all disputes by and between the Mediation Parties relative or related to the Adversary Proceeding or the transactions described in the Complaint filed in the Adversary Proceeding are hereby referred to non-binding mediation (the "Mediation"); and it is further

**ORDERED**, that Jed D. Melnick, Esq., of JAMS, is hereby designated as mediator (the "Mediator"); and it is further

**ORDERED**, that the fees and costs of the Mediator shall be shared equally among the Mediation Parties, with the Debtors bearing one-half of the total fees and costs, and Robinson Brog bearing one-half of the total fees and costs; and it is further

**ORDERED**, that the Debtors are authorized to pay their one-half share of any retainer agreed to be advanced to the Mediator. The Debtors' remaining share of the fees due the Mediator shall be paid upon motion by notice of presentment filed pursuant to E.D.N.Y. LBR 2002-1 and served upon the Mediation Parties, all parties who have requested notice of pleadings filed in the main bankruptcy case of the Debtors, and the United States Trustee; and it is further

**ORDERED**, that the status conference scheduled for February 5, 2019 is cancelled; and it is further

**ORDERED**, that the Mediation shall commence on February 6, 2019; and it is further

**ORDERED**, that by February 28, 2019, the Mediation Parties shall file a status letter as to whether the Mediation resulted in a settlement and contemporaneously email the letter to Judge Trust's Chambers at ast_hearings@nyeb.uscourts.gov; and it is further

**ORDERED**, that notwithstanding any provision of this Order, the Mediation Parties shall comply with all deadlines contained in this Court's Orders entered in the Adversary Proceeding and shall appear at all scheduled hearings and conferences; and it is further

**ORDERED**, that any proposed mediated resolution of the disputes by and between the Mediation Parties relative or related to the Adversary Proceeding or the transactions described in the Complaint filed in the Adversary Proceeding shall be subject to approval by the Bankruptcy Court, and it is further

**ORDERED**, that the mediation process, and any documents exchanged in connection therewith and communications incident to it, shall be treated as a compromise or offer to compromise for the purposes of the Federal Rules of Evidence (including, without limitation, Rule 408 of the Federal Rules of Evidence), and any state rules of evidence that may apply and nothing that occurs incident to the mediation process (including, without limitation, communications from or to either side's opponent or the Mediator) shall be offered as evidence in the pending or any subsequent proceeding for any reason or purpose, *provided, however*, that information otherwise discoverable or admissible in evidence shall not be immunized from discovery or inadmissible in evidence because it was disclosed in the Mediation. Under those limited circumstances, the Mediation Parties may develop such information in the ordinary course of discovery; and it is further

**ORDERED**, that the Mediation Parties will not attempt to compel the Mediator's testimony or any testimony of JAMS or JAMS' employees related to the Mediation in any pending or future proceeding.  The Mediation Parties will not seek discovery, whether by testimony, document production or otherwise, from the Mediator as a witness, expert or in any capacity, or from JAMS, or any JAMS employee related to the Mediation; and it is further

**ORDERED**, that to the extent the procedures for the Mediation are not set forth herein or otherwise agreed to by the Mediator and the Mediation Parties, the Mediation shall be governed by E.D.N.Y. LBR 9019-1; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Order upon the Mediation Parties by electronic filing.

**<u>AGREED TO</u>**:

**DLA Piper LLP (US)**

*/s/ Thomas R. Califano*
Thomas R. Califano, Esq.

*Counsel to the Debtors and Debtors in Possession*

**L'Abbate, Balkan, Colavita & Contini, L.L.P.**

*/s/ Marian Rice*
Marian Rice, Esq.

*Counsel to Robinson Brog Leinwand Greene Genovese & Gluck, P.C.,
A. Mitchell Greene and Adam Greene*

**SO ORDERED:**



**Dated: January 28, 2019**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**